## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**STEVEN LEE MAHOOD,**

      **Petitioner,**

**v.**                                   **Case No. 2:16-cv-01853**

**RALPH TERRY, Acting Warden,**
**Mount Olive Correctional Complex,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On February 26, 2016, Steven Lee Mahood (hereinafter "Mahood" or "the petitioner"), an inmate at the Mount Olive Correctional Complex, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1). Pending before the court are the respondent's Motion for Summary Judgment (ECF No. 18).

### PROCEDURAL HISTORY

On or about August 7, 2007, the petitioner's wife, Ramona Mahood ("Ramona") died after suffering "multiple powerful blows to her head[,] face and torso as well as manual strangulation . . . there was also evidence of injury to her genitals and to the area around her anus . . . ." *State v. Mahood*, 708 S.E.2d 322, 325 (2010). The petitioner denied killing Ramona, telling police that she arrived home already injured. However,

the petitioner's statements to police were inconsistent with those of other witnesses who saw the petitioner and Ramona together earlier that evening.  *Id.* at 325.

The petitioner was indicted on one count of murder and two counts of possession of stolen vehicles.  (ECF No. 18, Ex. 1).  At trial, the petitioner attempted to establish a diminished capacity defense based upon voluntary intoxication through the testimony of several witnesses who either observed him drinking that evening or who were aware of his history of being intoxicated.  However, the petitioner did not testify at his trial, and the defense did not present any expert testimony on the diminished capacity issue.  Ultimately, the trial court determined that the evidence was insufficient to warrant a diminished capacity jury instruction.  A summary of the relevant trial testimony, as well as the relevant testimony provided at the petitioner's omnibus hearing, is provided in the Circuit Court's Amended Judgment Order denying the petitioner's habeas corpus petition.  (ECF No. 18, Ex. 16).

Following a four-day jury trial, the petitioner was found guilty of first degree murder without a recommendation for mercy.  (*Id.*, Ex. 2).  On April 14, 2009, the petitioner was sentenced to life without mercy.  (*Id.*, Ex. 3).

The petitioner appealed his judgment to the Supreme Court of Appeals of West Virginia (the "SCAWV") raising the following grounds for relief:

1.   The trial court erred in refusing to give Defendant's proposed voluntary intoxication instruction.

2.   The trial court erred in denying Defendant's motion for mistrial based on the State improperly introducing evidence of Defendant's bad character in the presence of the jury.

(*Id.*, Ex. 4).  The SCAWV granted the Petition for Appeal only on the second ground for relief.  (*Id.*, Ex. 5).  Specifically, the SCAWV considered the following claim:  whether the

petitioner was "denied a fair trial because the jury heard inadmissible evidence about an adulterous affair he had with a State witness [Lisa Whitehouse]."  708 S.E.2d at 323. Following additional briefing on this claim, the SCAWV affirmed the judgment of the trial court on October 14, 2010.  (*Id.*, Ex. 9).  The petitioner did not seek a writ of certiorari in the Supreme Court of the United States.

On or about January 1, 2010, the petitioner filed a *pro se* petition for a writ of habeas corpus in the Circuit Court of Jackson County, which raised the following grounds for relief:

1.    Denial of 6th Amendment Right and Article III Section 14 of the WV Const. due to five allegedly unqualified jurors sitting on the jury.

2.    Denial of right to present a complete defense under the 6th and 14th amendments for the trial court's alleged failure to give a voluntary intoxication instruction.

3.    Denial of effective assistance of counsel as guaranteed by the West Virginia constitution and the "First, Fifth, Sixth, Eighth and Fourteenth Amendments" to the United States Constitution.

(*Id.*, Ex. 11).

Thereafter, attorney D. Adrian Hoosier, II ("Hooiser") was appointed to represent the petitioner and he filed an amended petition raising the following grounds for relief:

1.    Denial of fair trial under 6th and 14th amendments because of prejudicial pretrial publicity.

2.    Denial of right to a complete defense for the failure of the trial court to give a voluntary intoxication instruction.

3.    Ineffective assistance of trial counsel for failure to fully investigate and prepare his defense.

4.    Ineffective assistance of trial counsel for failure to present mitigation evidence during the unitary trial.

5.     Severe sentence and [sic] expected, excessive sentence, mistaken advice of counsel as to parole or probation eligibility, and the amount of time served on sentence/credit for time served.

6.     Prosecutorial misconduct in violation of due process and right to a fair trial by introducing improper character evidence.

(*Id.*, Ex. 12). Then, on or about February 12, 2013, Hoosier filed a Supplemental Amended

Petition, which repeated the above-referenced claims and added the following claims of

ineffective assistance of counsel and cumulative error:

7.     Ineffective assistance of trial counsel for failure to object and move for a mistrial due to repeated questioning of witnesses by the trial court concerning the petitioner's location at the car where hair evidence was found.

8.     Ineffective assistance of trial counsel for failure to object to testimony and prosecutor's argument concerning evidence of sexual assault.

9.     Ineffective assistance of trial counsel for eliciting testimony of State's latent print expert that permitted the jury to draw inference that the petitioner had a prior criminal record.

10.    Ineffective assistance of trial counsel for failure to provide notice of diminished capacity defense and to seek independent expert concerning effects of alcohol and other drugs.

11.    Ineffective assistance of trial counsel for failing to make sufficient argument for mercy.

12.    The petitioner contends that the cumulative effect of the errors of ineffective assistance of counsel denied him a fair trial.

(*Id.*, Ex. 13 at 14-33). The petitioner also filed a motion for default judgment based upon

the State's failure to timely respond to the petition. (*Id.*, Ex. 14).

An omnibus evidentiary hearing was held on September 5, 2013. (*Id.*, Ex. 15). On

November 20, 2013, the Circuit Court denied the petitioner's Supplemental Amended

Petition for Writ of Habeas Corpus and the petitioner's motion for default judgment. (*Id.*,

Ex. 16).

The petitioner appealed the denial of his Circuit Court habeas corpus petition, but only asserted two grounds for relief:

1. The Circuit Court of Jackson County, West Virginia, erred in denying the Petition for Habeas Corpus relief despite evidence establishing that a diminished capacity defense instruction was warranted.[1]

2. The Circuit Court of Jackson County, West Virginia, erred in failing to award [the petitioner] Habeas Corpus relief despite the State's failure to timely respond [to the petition].

*Id.*, Ex. 19).  The petitioner later moved for leave to file a supplemental brief raising additional grounds for relief.  However, the SCAWV refused the motion for leave to file supplemental brief.  (*Id.*, Ex. 20).

On March 16, 2015, the SCAWV found no error on either ground for relief raised in the petition for appeal and affirmed the judgment of the Circuit Court.  *Mahood v. Ballard*, No. 14-0026, 2015 WL 1244343 (W. Va. Mar. 16, 2015) (ECF No. 18, Ex. 17).  Specifically, with respect to the second ground concerning ineffective assistance of counsel for failing to properly investigate and offer a diminished capacity instruction, the SCAWV found that claim to be without merit because there was no evidence adduced at trial to suggest that the petitioner had a diminished capacity at the time the crime was committed.  *Id.* at *8.

On February 26, 2016, the petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, which raises the following grounds for relief:

1. The petitioner was denied his constitutional right to a fair and impartial jury trial and equal protection because five jurors were statutorily disqualified from serving on the jury and there was "extensive, negative, and prejudicial" pretrial publicity.

---

[1]  A review of the petitioner's brief indicates that this claim actually addressed a claim of ineffective assistance of counsel for failing to develop a diminished capacity defense.  (ECF No. 18, Ex. 19 at 8, 12-14).

2.    The petitioner was denied meaningful and effective assistance of counsel as secured by the 1st, 5th, 6th, 8th, and 14th Amendment. Specifically, the petitioner contends that his trial counsel failed to:

(a)    Properly pursue a diminished capacity defense, including presenting the testimony of a forensic toxicologist.

(b)    Secure a jury pool of prospective jurors free from exception.

(c)    Consider or seek a bifurcated trial.

(d)    Object to prejudicial testimony that was unrelated to an element of the crime alleged in the indictment.

(e)    Cross-examine Dr. Kaplan.

(f)    Present mitigation evidence and argument in a unitary trial. [2]

3.    The petitioner was denied due process of law as secured by the 5th and 14th Amendments based on the trial court's refusal to instruct the jury that the petitioner's voluntary ingestion of alcohol might negate the specific intent necessary for a conviction of first degree murder.

4.    The petitioner's right to due process of law as guaranteed by the 5th and 14th Amendments was violated by prosecutorial misconduct when Dr. Kaplan (the State's expert witness) was permitted to testify to facts outside the information contained in his autopsy report. The petitioner's counsel was ineffective for failing to object to this testimony.

5.    The petitioner's right to due process of law as secured by the 5th and 14th Amendments was violated when the Circuit Court denied his motion for acquittal at the conclusion of the State's case-in-chief because there was insufficient evidence to support a conviction.

(ECF No. 1).

## **STANDARD OF REVIEW**

Title 28 U.S.C. § 2254(d), which was adopted as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides:

---

[2]  The claims of ineffective assistance of counsel asserted in Ground 2 are not listed with these subsections. Nonetheless, the undersigned believed this outline properly encapsulates the petitioner's distinct claims of ineffective assistance of trial counsel as they are pled in the petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court held that under the "contrary to" clause, a federal court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court only if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. The Court further held that under the "unreasonable application" test, a federal court may grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court only if the state court identifies the correct governing principle from the Supreme Court's decision, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413.

Moreover, the AEDPA contains a presumption that a state court's factual findings are correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Where a claim has been summarily refused, the undersigned must simply determine whether that decision was legally and factually reasonable under clearly-established federal law. *See Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000) (When a state court summarily rejects a claim without setting forth its reasoning, the federal court reviews the record and the clearly-established Supreme Court law, but still "confine[s] [its] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.'").

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings. *See*, *e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991). Entry of summary judgment is appropriate when there is "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Rule 56(c), Fed. R. Civ. P.).

## ANALYSIS

### A.    All grounds except for Ground 2(a) are procedurally defaulted.

#### *Exhaustion of State Court Remedies*

Section 2254(b)(1)(A) of Title 28 of the United States Code, states that a petition for a writ of habeas corpus filed in a federal district court by a prisoner in state custody shall not be granted, unless it appears that the applicant has exhausted the remedies available in the state courts, or if the state has waived the exhaustion requirement. 28 U.S.C. §§ 2254(b)(1)(A), (b)(3). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842

(1999); *see also Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (Exhaustion requires the habeas petitioner to "fairly present the substance of his claim to the state's highest court.")

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986). A petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87 (1997)).

Additionally, the petitioner must show that the claims he raised in state proceedings are the same as the claims he now seeks to raise in his federal habeas proceeding. *See Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The claims in both courts must "fairly present" the "substance" of the claim, based upon the same factual grounds, and must allege that the same federal constitutional right was violated. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The respondent asserts that only Ground 2(a) of the petitioner's section 2254 petition, asserting a claim that the petitioner's trial counsel was ineffective in failing to properly pursue a diminished capacity defense, was exhausted through his state court proceedings. (ECF No. 19 at 12). The respondent further contends that the unexhausted

claims in the petitioner's section 2254 petition are procedurally barred from further litigation in the state court. Consequently, the respondent further asserts that those claims are also barred from review in this federal court under the doctrine of procedural default. (*Id.* at 12, 14-16).

## *Procedural default doctrine*

As noted by the respondent, ordinarily a petition containing both exhausted and unexhausted claims should be dismissed without prejudice to a timely re-filing thereof pending exhaustion of all claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982); *Hendrick v. True*, 443 F.3d 342, 363-64 (4th Cir. 2006). However, the doctrine of procedural default bars litigation of claims in a federal habeas corpus petition that were not adjudicated on their merits in state court where such claims are barred from further litigation in state court by operation of a state procedural rule. *See Boothe v. Ballard*, No. 2:14-cv-25165, 2016 WL 1275054 *46 (S.D. W.Va. Mar. 31, 2016), *aff'd*, 670 F. App'x 193 (4th Cir., Nov. 18, 2016). "The procedural default doctrine operates to bar a federal habeas claim 'only if the rule of procedure . . . is determined to be an adequate and independent state-law ground for decision.'" *Id.* at *47 (quoting *Thomas v. Davis*, 192 F.3d 445, 450 (4th Cir. 1999); *see also Maples v. Thomas*, 565 U.S. 266, 280 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court has declined to address those claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds.").

However, "[t]he doctrine barring procedurally defaulted claims from being heard is not without exceptions." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *cf. Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) ("Although the doctrine of procedural default limits

federal habeas review of state convictions, it does not provide an absolute bar.").  In fact, the procedural default doctrine provides for two exceptions where a petitioner can show: (1) cause for the default and prejudice therefrom; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004).

"Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the procedural rule.  *Maples, supra*, 565 U.S. at 280.  The Supreme Court has not "identified with precision exactly what constitutes 'cause' to excuse procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Generally, ineffective assistance of habeas counsel is not considered an external factor that would excuse the failure to exhaust a claim for habeas corpus relief.  *See Maples*, 565 U.S. at 280 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'") (citing *Coleman*, 501 U.S. at 753).

However, in *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), the Supreme Court recognized a limited exception to procedural default that allows a federal habeas court to find cause and prejudice to consider a substantial claim of ineffective assistance of trial counsel when counsel in an initial post-conviction collateral review proceeding provided ineffective assistance of counsel.  This limited exception does not extend to ineffective assistance of appellate counsel.  *See Davila v. v. Davis,* 137 S. Ct. 2064, 2065 (2017).

The respondent's Memorandum of Law cites to *Boothe, supra*, which summarized the procedural default doctrine as follows:

> The procedural default doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.  *Coleman v. Thompson*,

> 501 U.S. 722, 729 (1991). In addition, "[i]f claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts." *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 735 n.1). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Gray v. Netherland*, 518 U.S. 152, 162 (1996) (citations omitted). "The procedural default doctrine . . . appl[ies] . . . whether the default in question occurred at trial, on appeal, or on state collateral attack." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citations omitted).

2016 WL 1275054 at *46. The respondent then addresses how each claim raised in the section 2254 petition, other than Ground 2(a), is unexhausted and procedurally defaulted.

The respondent contends that Ground 1 has never been presented to the SCAWV, and that the petitioner has conceded this fact in his petition. (ECF No. 1 at 5; ECF No. 19 at 12). Concerning Ground 2, the respondent contends that, of the six claims contained therein, only the first ground regarding the pursuit of a diminished capacity was arguably presented to the SCAWV. (ECF No. 19 at 12-13, citing ECF No. 18, Exs. 4-6, 9). The respondent notes that a related claim was presented in the petitioner's direct appeal, but it was not couched within the framework of ineffective assistance of counsel. (ECF No. 19 at 13 n.9). The respondent further asserts that all other claims contained in Ground 2 were not raised and addressed by the SCAWV and are, therefore, unexhausted. (*Id.* at 13).

The respondent further contends that Ground 3 concerning the refusal of the trial court to give a voluntary intoxication instruction is unexhausted, despite the fact that a similar claim was raised in the petitioner's direct appeal, because the direct appeal claim was entirely based upon state law and failed to present a federal constitutional claim. (*Id.*)

The respondent further contends that Ground 4 of the section 2254 petition concerning prosecutorial misconduct with respect to Dr. Kaplan's testimony is unexhausted because that specific claim was not addressed in the petitioner's direct appeal or in his habeas appeal.  (*Id.* at 13-14).  As noted in the respondent's Memorandum, "while Petitioner made reference to prosecutorial misconduct in his direct appeal, that claim pertained to the trial court's refusal to give a voluntary intoxication instruction – it is not the same claim of prosecutorial misconduct Petitioner now raises."  (*Id.*)[3]

Finally, the respondent contends that Ground 5 of the section 2254 petition, which challenges the sufficiency of the evidence for his conviction, has also never been presented to the SCAWV.  (*Id.* at 15).

The respondent further contends that these unexhausted grounds are procedurally defaulted because the petitioner would be prohibited from returning to the state courts to attempt to litigate them now.  The respondent's Memorandum of Law states:

> While Petitioner presented most of the foregoing claims to the circuit court during his post-conviction proceedings, he only pursued his claim of ineffective assistance of counsel during the omnibus hearing and only raised two assignments of error on appeal therefrom:  A claim that the circuit court erred in denying habeas relief because (1) trial counsel was ineffective for failing to establish a diminished capacity defense and (2) he was entitled to a default judgment.  (Ex. 19 at 8, 10).  He abandoned the other claims and, therefore, did not receive an adjudication on the merits from the state court-of-last resort, which is what AEDPA's exhaustion requirement demands.  Thus, these claims are unexhausted.
>
> Moreover, Petitioner is procedurally barred from further pursuing these claims in state court by operation of state procedural law.  Indeed, West Virginia Code § 53-4A-1(c) bars further litigation.  Petitioner cannot present these claims in an appeal to the SCAWV because he already

---

[3]  In fact, the petitioner's prosecutorial misconduct claim in his direct appeal specifically concerned the prosecutor's solicitation of testimony from Lisa Whitehouse about an adulterous affair she allegedly had with the petitioner and whether that unfairly prejudiced the jury.  That claim had nothing to do with Dr. Kaplan's testimony concerning alleged evidence of sexual assault of the victim, which is the basis of the petitioner's present claim of prosecutorial misconduct in Ground Four of his section 2254 petition.  Thus, the present claim is unexhausted.

appealed the denial of the proceedings in which those claims were raised and litigated. *See* Syl. pt. 2, *Markley v. Coleman*, [601 S.E.2d 49 (W. Va. 2004) (quoting Syl. Pt. 4, *Losh v. McKenzie*, [277 S.E.2d 606 (W. Va. 1981)]; Syl. Pt. 1, *Gibson v. Dale*, [319 S.E.2d 806 (W.Va. 1984)] (citing W. Va. Code § 53-4A-1). *See generally Boothe v. Ballard,* [*supra*].

(ECF No. 19 at 14).

The respondent contends that, similar to *Boothe*, where the petitioner raised 10 grounds for relief in his Circuit Court habeas petition, but then only raised five of those claims in his habeas appeal before the SCAWV, this court should find that the failure to appeal certain claims following the denial of those claims in a circuit court habeas corpus proceeding procedurally bars those claims from being litigated in a section 2254 proceeding, absent an exception to the procedural default doctrine. (*Id.* at 15).

"Under [West Virginia Code §] 53-4A-1(c) 'there is a rebuttable presumption that [a] petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on . . . appeal but which he failed to so advance." *Boothe*, 2016 WL 1275054 at *44 (quoting *Losh v. McKenzie*, 277 S.E.2d 606, 610 (W. Va. 1981)). "[T]he burden of proof rests on [the] petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on . . . appeal." *Ford v. Coiner*, 196 S.E.2d 91, 92 (W. Va. 1972). Thus, in the instant matter it is presumed that the petitioner knowingly waived the claims that were not addressed in his habeas appeal.

Moreover, the waiver provision of section 53-4A-1(c) is an adequate and independent state law ground for decision, which is consistently applied by the state courts. *See Boothe*, 2016 WL 1275054 at *47-49. Furthermore, it is apparent that the waiver provision would be applied by the SCAWV herein, and that the plaintiff could not

successfully return to the state courts to exhaust his unexhausted claims, because the SCAWV already denied the petitioner leave to raise additional claims in his habeas appeal. (ECF No. 18, Ex. 20 at 1-2). Consequently, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's unexhausted claims are procedurally defaulted.

The respondent further asserts that the exceptions to procedural default do not apply in this case. His Memorandum of Law states:

> For instance, Petitioner's allegation that the reason these claims are unexhausted is because his attorney did not raise them does not work around the *Martinez* [footnote omitted] exception to procedural default: As various federal courts have recognized, "the Supreme Court has explicitly stated that the *Martinez* exception 'does not concern attorney errors . . . in appeals from initial-review collateral proceedings.' As such, claims that a petitioner fails to raise on appeal from initial-review habeas proceedings . . . do not fall under the 'limited circumstances' giving rise to the *Martinez* exception." *Boothe*, 2016 WL 1275054, at *52 [other citations omitted]. Petitioner is also not entitled to the "actual innocence" gateway as evidenced by his claims that he should have received a voluntary intoxication defense. He is not claiming actual innocence – he admits he caused Ramona's death. [Citations omitted].

(ECF No. 19 at 15-16). Thus, the respondent contends that the petitioner's procedurally defaulted claims should be dismissed with prejudice. (*Id.* at 16). In the alternative, should the district court find that these claims are not procedurally barred (or that an exception to procedural default applies), the respondent requests that the petition be dismissed without prejudice, or hold this petition in abeyance, in order to permit the petitioner an opportunity to exhaust his unexhausted claims.

The petitioner has filed two very convoluted response documents (ECF Nos. 22 ("Response") and 23 ("Response Memorandum"). In his Response, the petitioner attempts to rely on the *Martinez* exception discussed above to justify review of all of his claims by asserting that his habeas counsel was ineffective in failing to pursue certain claims in his state habeas corpus proceedings. Specifically, with respect to Ground One

of the petition, and the companion allegation of ineffective assistance of counsel made in

Ground 2(b) thereof, the petitioner's response states:

> Petitioner respectfully contends that the assistance Mr. Hoosier provided
> during the post-conviction proceedings was deficient, as placement of
> citizens who were disqualified by operation of state law on the petit jury was
> an explicit violation of petitioner's right to equal protection of the law and
> due process of law. Every attorney has a legal and ethical duty to make a
> reasonable investigation of the applicable law as required by *SER Daniel v.*
> *Legursky*, [465 S.E.2d 416, 422 (W. Va. 1995)] and *Strickland v.*
> *Washington*, 466 U.S. at 690-91. A reasonable investigation would have
> recognized this claim for relief and Mr. Hoosier had a duty to present this
> claim for relief to the Supreme Court of Appeals. Mr. Hooiser failed to
> discharge his duty to investigate the relevant law.
>
> * * *
>
> Petitioner's trial counsel failed to recognize this violation of
> petitioner's right to a randomly selected and impartial jury. Petitioner's
> appellate counsel failed to recognize this violation of petitioner's right to a
> randomly selected and impartial jury. Petitioner's post-conviction attorney
> failed to recognize this violation of petitioner's right to a randomly selected
> and impartial jury. Therefore, petitioner's attorneys never secured
> appropriate relief for a violation of his constitutional right to a jury trial.
> Petitioner was denied his right to the meaningful and effective assistance of
> counsel during the jury selection process as secured by the 6th Amendment
> to the U.S. Constitution. [FN 2 – *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480-
> 81 (2010); *Evitts v. Lucey*, 469 U.S. 387, 396-99 (1985) (The Due Process
> Clause of the 14th Amendment guarantees the right to effective assistance of
> counsel on a first appeal of right in state court); *Strickland v. Washington*,
> 466 U.S. 668, 687-88 (1984); *McMann v. Richardson*, 397 U.S. 759, 772
> n.14 (1970)]

(ECF No. 22 at 3-4). The petitioner's Response Memorandum further addresses his

reliance on *Martinez* with respect to his claims of ineffective assistance of trial counsel,

and requests that this court apply the exception to excuse procedural default and allow

review of all of his ineffective assistance of counsel claims. (ECF No. 23 at 23-24). The

respondent did not file a reply brief and, thus, did not specifically address this issue.

Having found that all of the claims contained in the petitioner's section 2254

petition, with the exception of Ground 2(a), are procedurally defaulted, the undersigned

will now address whether such procedural default can be excused with respect to each defaulted claim.  First, Grounds 1, 3, 4, and 5 do not directly allege or concern ineffective assistance of trial counsel.  Consequently, the *Martinez* exception has no application to those claims, and there is no other valid basis to excuse the procedural default of those claims.

Turning to the specific unexhausted claims of ineffective assistance of trial counsel contained in Ground 2 of the section 2254 petition, none of those claims can meet the *Martinez* exception.  The undersigned will address each claim in turn.

### Ground 2(b)

In Ground 2(b), the petitioner contends that his trial counsel failed to secure a jury pool free from exception.  (ECF No. 1 at 7).  Specifically, the petitioner relies upon trial counsel's failure to object to the inclusion of five prospective jurors who were statutorily ineligible to serve because they had previously served on a jury within the prior two years.  (*Id.*)  The petitioner does not allege that any of these five prospective jurors were somehow actually biased or that their service on his jury actually prejudiced the outcome of the proceedings.  Thus, the petitioner has not satisfied the prejudice prong of *Strickland v. Washington*, 466 U.S. 688 (1984) and, consequently, he cannot demonstrate a Sixth Amendment violation therefrom.  Accordingly, even if the *Martinez* exception is implicated by the failure of habeas counsel to pursue and exhaust this claim, it is not a substantial claim of ineffective assistance of counsel, and *Martinez* may not be applied to excuse the procedural default thereof.

### Grounds 2(c) and 2(f)

In Ground 2(c) of his petition, the petitioner alleges that his trial counsel failed to consider or seek a bifurcated trial.  (ECF No. 2 at 7).  In Ground 2(f), he contends that his

trial counsel was also ineffective because they failed to present mitigating evidence in the unitary trial. (*Id.* at 9). The undersigned believes that both of these claims were fairly addressed in Ground Four of the petitioner's Supplemental Amended Petition filed in the circuit court, and the circuit court rendered rulings thereon. (ECF No. 18, Ex. 13 at 8-10; Ex. 16 at 18-19). Accordingly, these claims were litigated in the initial collateral review proceeding and were then abandoned in the habeas appeal. The *Martinez* exception does not apply under those circumstances. Additionally, there is no other valid basis for finding an exception to overcome the procedural default of this claim.

Grounds 2(d) and 2(e)

In Ground 2(d) of his section 2254 petition, the petitioner contends that his trial counsel failed to object to testimony offered by the Chief Medical Examiner, Dr. James Kaplan, stating that it appeared that someone had inserted an object into the victim's rectum "in a forceful manner before she died." (ECF No. 1 at 8). The petitioner contends that this testimony was unduly prejudicial because it was unrelated to an element of the crime of murder, and not supported by the evidence of Dr. Kaplan's autopsy report. (*Id.*) In Ground 2(e) of the petition, the petitioner further asserts that defense counsel was ineffective because they failed to cross-examine Dr. Kaplan. (*Id.*)

These issues were addressed in Ground 8 of the petitioner's Supplemental Amended Petition filed in the circuit court and were specifically addressed and ruled on by the circuit court in that proceeding. (ECF No. 18, Ex. 13 at 19-24; Ex. 16 at 16-17). These claims were then abandoned in the petitioner's habeas appeal. Thus, the *Martinez* exception is inapplicable, and there is no other valid basis for excusing the procedural default of these claims of ineffective assistance of counsel.

The undersigned proposes that the presiding District Judge **FIND** that all of the petitioner's grounds for habeas corpus relief contained in his section 2254 petition, with the exception of Ground 2(a) concerning the failure of his trial counsel to properly pursue a diminished capacity defense, are procedurally defaulted and there is no exception to the procedural default doctrine that will permit review of those claims in this federal habeas corpus proceeding.

### B.    The petitioner is not entitled to relief on Ground 2(a) of his section 2254 petition.

In Ground 2(a) of his section 2254 petition, the petitioner contends that his trial counsel provided ineffective assistance of counsel when they failed to properly establish a diminished capacity defense, including failing to consult or employ a forensic toxicologist to establish a voluntary intoxication defense and to obtain a diminished capacity jury instruction.  (ECF No. 1 at 6-7).

In *Strickland*, *supra*, 466 U.S. 688 (1984), the Supreme Court adopted a two-prong test for determining whether a defendant received adequate assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 687-91.  Moreover, "judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  Furthermore, the AEDPA "adds a layer of respect for a state court's application of the legal standard."  *Holman v. Gilmore*, 126 F.3d 876, 881 (7th Cir. 1997).

In reviewing a trial counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, *id.* at 689, and the burden is on the petitioner to show prejudice.  *Hutchins v. Garrison*, 724

F.2d 1425 (4th Cir. 1983). Further, "[a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A petitioner may not merely speculate about potential prejudice but must "affirmatively prove" that the result of the proceedings would have been different but for the deficient performance of trial counsel. *See Strickland*, 466 U.S. at 693.

The respondent describes the petitioner's claim in Ground 2(a) as follows:

Petitioner argues that his counsel failed to retain a viable expert witness (a forensic toxicologist) or provide sufficient information to Dr. Miller (the forensic psychiatrist retained by trial counsel to determine whether Petitioner was criminally culpable [] (*See* ECF No. 1 at 7) in order to opine that Petitioner suffered from a diminished capacity. [Footnote omitted].

To advance a defense of diminished capacity in West Virginia, a defendant needs to introduce expert testimony "regarding a metal disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged." Syl. Pt. 3, *State v. Joseph*, [590 S.E.2d 718, 720 (W. Va. 2003)]. In the specific context of voluntary drunkenness, such voluntary drunkenness

is generally never an excuse for a crime, but where a defendant is charged with murder, and it appears that the defendant was too drunk to be capable of deliberating and premeditating, in that instance intoxication may reduce murder in the first degree to murder in the second degree, as long as the specific intent did not antedate the intoxication.

Syl. Pt. 2, *State v. Keaton*, [272 S.E.2d 817, 818 (W. Va. 1980)]. Notably, "[i]ntoxication to reduce an unlawful homicide from murder in the first degree, must be such as to render the accused incapable of forming an intent to kill, or of acting with malice, premeditation or deliberation." *Id.* at Syl. Pt. 3, (quoting Syl. Pt. 4, *State v. Burdette*, [63 S.E.2d 69 (W. Va. 1950)]). based upon this case law, it is evident that there must be evidence (including expert testimony) that the defendant was incapable of forming the requisite intent in order to present the affirmative defense of diminished capacity. Absent such evidence, the trial court may not give an instruction on such defense. *See generally* Syl. Pts. 2 and 3, *Alley v. Charleston Area Med. Ctr., Inc.*, [602 S.E.2d 5-6, 511 (W. Va. 2004)].

(ECF No. 19 at 21-22).

The respondent asserts that the SCAWV rejected the petitioner's claim that his counsel was ineffective in failing to establish a diminished capacity defense and adopted the reasoning of the Circuit Court for denying habeas corpus relief.  (ECF No. 18, Ex. 17). The Circuit Court found that there was "absolutely no evidence shown to the court at the Jury trial or at the Habeas hearing that Petitioner Mahood was suffering from mental disease or defect sufficient to make out a jury issue on 'diminished capacity.'"  (ECF No. 18, Ex. 16 at 14).  The Circuit Court's opinion further stated:

> As for trial counsel's failure to obtain an expert, at the evidentiary hearing it was undisputed that the defense **did** seek out an expert, but that the expert in question was unable to provide a favorable report.  Dr. Miller and Mr. Benford both testified that they consulted following Dr. Miller's interview of the Petitioner, and it was mutually agreed that calling Dr. Miller to testify would, if anything, be detrimental to the Petitioner.  In fact, Dr. Miller's recollection of the interview was that the Petitioner admitted to having a full recollection of murdering his wife, and admitted that he was solely and completely responsible for her death.  The case law requires expert testimony before a diminished capacity defense is available.  However, trial counsel in this case could not have called their expert to testify, unless they wanted to assure:  (a) that their client was convicted; and/or (b) that the trial court denied their request for a diminished capacity defense.

(*Id.*)  The Circuit Court's opinion further notes that, during the omnibus hearing, the petitioner vividly described the argument that precipitated the murder and that his recollection of the events that night was "crystal clear" up until the actual act of murder. Thus, the habeas court found that the petitioner's contention that he was intoxicated to the point of not being responsible and suffered from alcohol-induced amnesia is simply not credible.  (*Id.* at 15).

Although trial counsel tried to develop evidence of the petitioner's level of intoxication on the night of the murder and his history of intoxication, the trial court

determined that the evidence presented was insufficient to demonstrate a level of intoxication sufficient to support a diminished capacity defense and was not supported by the testimony of an expert witness. Thus, the court declined the defense's request to give an instruction to the jury on diminished capacity/voluntary intoxication.

Defense counsel investigated the intoxication issue and retained an expert witness to examine the viability of such a defense. However, the expert, Dr. Miller, advised defense counsel prior to trial that he could not render an opinion that the petitioner was intoxicated to the point that he could not formulate the specific intent to deliberately and premeditatedly kill his wife. Without such expert testimony and sufficient evidence to support such a defense, the trial court properly refused to instruct the jury on voluntary intoxication.

Based upon an exhaustive review of the record, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has not established that his trial counsel's conduct surrounding the attempted development and presentation of a diminished capacity defense fell below an objective standard of reasonableness. Nor can the petitioner demonstrate the requisite prejudice therefrom to support a violation of his Sixth Amendment right to the effective assistance of counsel.

Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the state courts' decisions denying the petitioner habeas corpus relief on this basis were neither contrary to, nor an unreasonable application of, clearly established federal law, and were not based on an unreasonable determination of the facts presented in the state court proceedings. Thus, there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law on this ground for habeas corpus relief as stated in the petitioner's section 2254 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the respondent's Motion for Summary Judgment (ECF No. 18), **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), and dismiss this civil action from the docket of this court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to counsel of record.

August 14, 2018

Dwane L. Tinsley
United States Magistrate Judge