IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

STEVEN LEE MAHOOD,

    Petitioner,

v.          CIVIL ACTION NO. 2:16-cv-01853

RALPH TERRY,

    Respondent.

MEMORANDUM OPINION AND ORDER

## I. Introduction

On February 26, 2016, Steven Lee Mahood (hereinafter "Mahood" or "the petitioner"), an inmate at the Mount Olive Correctional Complex, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [ECF No. 1]. Pending before the court is the respondent's Motion for Summary Judgment [ECF No. 18]. This matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On August 14, 2018, Judge Tinsley submitted his Proposed Findings of Fact and Recommendation [ECF No. 25] ("PF&R"), recommending the court grant the respondent's Motion for Summary Judgment [ECF No. 18], deny Mahood's Petition for a Writ of Habeas Corpus [ECF No. 1], and dismiss the action from its docket.

On August 29, 2018, the petitioner timely filed objections to the PF&R [ECF No. 27]. The court has reviewed de novo those portions of the PF&R to which the petitioner objects. For the following reasons, the court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's PF&R [ECF No. 25], **DENIES** respondent's Motion for Summary Judgment [ECF No. 18], **GRANTS** the petitioner's request for stay and abeyance, and **HOLDS IN ABEYANCE** the petitioner's Section 2254 petition, pending his exhaustion of available state court remedies.

## II. Procedural History

The complete factual and procedural history of the petitioner's direct appeal and habeas proceedings in state court, in addition to a review of petitioner's claims in his federal habeas petition, are set forth in detail in the PF&R and need not be repeated here. The petitioner does not object to the accuracy of this history. Therefore, the court **ADOPTS** the procedural history as set forth in the Magistrate Judge's PF&R.

## III. Standard of Review

### A. *Review of Magistrate Judge's Findings and Recommendations*

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In doing so, the court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

2

judge." *Id.* The court need not, however, review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In reviewing those portions of the PF&R to which the petitioner has objected, this court will consider the fact that the petitioner is acting pro se and will accord his pleadings liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. *Habeas Corpus*

A federal court may grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d), as modified by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a deferential standard of review to be applied to any claim that was "adjudicated on the merits" in state court proceedings. In such cases, a federal court may grant habeas relief only if the adjudication of the claim in state court: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Section 2254(d)(1) describes the standard of review to be applied to claims challenging the application of federal law in state court. "A federal habeas court

may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case." *Id.*

Section 2254(d)(2) describes the standard to be applied to claims challenging a state court's determination of the facts. "[A] determination of a factual issue made by a State court [is] presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 1999); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011).

### C. *Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus proceedings. *See, e.g.*, *Blackledge v. Allison*, 431 U.S. 63, 81 (1977); *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991). Summary judgment should be granted when there is "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"

4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Rule 56(c), Fed. R. Civ. P.). Summary judgment is inappropriate, however, if factual issues exist that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## IV. Discussion

Initially, the court observes that the petitioner's pro se filing detailing his objections to the PF&R primarily contains general and conclusory objections. Nonetheless, to the extent the court has been able to discern specific arguments or assertions of error, the court has endeavored to construe the petitioner's arguments liberally.

As a threshold matter, the court must address the petitioner's objection to the PF&R's finding that the petitioner's unexhausted grounds are procedurally defaulted because the petitioner would be prohibited from returning to state court to litigate them. [ECF No. 25 at 14–15]. The petitioner contends that he has not knowingly or intelligently waived his unexhausted claims and therefore is not barred from pursuing those claims in state court by operation of state procedural law. [ECF No. 27 at 10–12].[1]

### A. *Exhaustion*

---

[1] The court declines to address the petitioner's additional objections to the PF&R, as their resolution depends in part on whether the petitioner knowingly and intelligently waived his unexhausted claims.

First, the court agrees with the Magistrate Judge that each claim raised in Mahood's Section 2254 petition other than Ground 2(a) is unexhausted. Section 2254(b)(1)(A) of Title 28 of the United States Code states that a petition for a writ of habeas corpus filed in a federal district court by a prisoner in state custody shall not be granted, unless it appears that the applicant has exhausted the remedies available in the state courts, or if the state has waived the exhaustion requirement. 28 U.S.C. §§ 2254(b)(1)(A), (b)(3). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Beard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (exhaustion requires the habeas petitioner to "fairly present the substance of his claim to the state's highest court.").

In West Virginia, prisoners may exhaust their available state court remedies in two ways. Prisoners may either state a cognizable federal constitutional claim in a direct appeal, or they may state such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1 and subsequently file a petition for appeal from an adverse ruling to the Supreme Court of Appeals of West Virginia ("SCAWV"). *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986). Moreover, the petitioner must show that the claims he raised in state proceedings are the same as those he now seeks to raise in his federal habeas proceeding. *See*

6

*Pitchess v. Davis*, 421 U.S. 482, 487 (1975); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).

Except for Ground 2(a), Mahood failed to exhaust the claims in his Section 2254 petition. Grounds 1, 2, 4, and 5 of Mahood's Section 2254 petition have never been presented to the SCAWV, with the exception of Ground 2(a). [ECF No. 18, Exs. 4, 19]. While a claim similar to Ground 3 was presented in the petitioner's direct appeal, it was based upon West Virginia law. [ECF No. 18-6]. Because it was not presented under the scope of a federal constitutional right, it, too, is unexhausted. Therefore, the court finds all claims except for Ground 2(a) of Mahood's Section 2254 petition unexhausted.

### B. *Knowing and Intelligent Waiver*

The petitioner objects to the Magistrate Judge's finding that the petitioner's unexhausted claims are barred from subsequent litigation in state court and thus procedurally defaulted because they were knowingly and intelligently waived. [ECF No. 25 at 14–15]. The petitioner contends that he did not knowingly or intelligently waive his unexhausted claims merely by failing to raise them. [ECF No. 28 at 10–12].

In finding the petitioner's unexhausted claims knowingly and intelligently waived, the Magistrate Judge relied on West Virginia Code § 53-4A-1(c). [ECF No. 25 at 14]. Under Section 53-4A-1(c), when any contention or grounds could have been advanced by the petitioner "before trial, at trial, or on direct appeal (whether

or not said petitioner actually took an appeal), or in a proceeding or proceedings on a prior petition or petitions filed" under the habeas statute but "were not in fact so advanced, there shall be a rebuttable presumption that the petitioner intelligently and knowingly failed to advance such contention or contentions and grounds." The Magistrate Judge stated that "in the instant matter it is presumed that the petitioner knowingly waived the claims that were not addressed in his habeas appeal." [ECF No. 25 at 14].

The presumption, however, is not absolute. *See Boothe v. Ballard*, No. 2:14-cv-25165, 2016 WL 1275054, at *44 (S.D. W.Va. Mar. 31, 2016), *aff'd*, 670 F. App'x 193 (4th Cir., Nov. 18, 2016). The SCAWV has held that Section 53-4A-1(c) "contemplates a knowing and intelligent waiver, in the vein of a waiver of a constitutional right, which cannot be presumed from a silent record." *Gibson v. Dale*, 319 S.E.2d 806, 808 (W. Va. 1994). Additionally, "[b]efore the failure to advance contentions in a habeas corpus proceeding will bar their consideration in subsequent applications for habeas corpus relief, the record must *conclusively demonstrate* that the petitioner voluntarily refrained from asserting known grounds for relief in the prior proceeding." *Id.* (emphasis added).

*Gibson* held that to demonstrate a knowing and intelligent waiver of grounds not asserted, the record of the prior omnibus hearing "must show that counsel interrogated and discussed with the petitioner every potential ground for relief in habeas corpus and explained the conclusive effect of the final decision on

8

subsequent applications for habeas corpus relief." *Id.* at 811. *Gibson* emphasized that the court holding the omnibus hearing must "inquire on the record whether counsel discussed all grounds which might apply to petitioner's case and whether petitioner was advised by his counsel about the grounds and intentionally waives them" and "enter a comprehensive order which addresses not only the grounds actually litigated, but the grounds waived as well." *Id.* (quoting *Losh v. McKenzie*, 277 S.E.2d 606, 612 (W. Va. 1981)). While the petitioner in *Gibson* failed to advance claims in his initial habeas proceeding, *Gibson*'s requirement that the record conclusively demonstrate a voluntary waiver also applies to claims a petitioner fails to raise in a habeas appeal. *See Boothe*, 2016 WL 1275054 at *45 (citing *Gibson* and finding the record "devoid of any indication that Petitioner intelligently and knowingly waived these claims, such as evidence that his appellate habeas counsel cautioned Petitioner that he may waive these claims by not raising them on appeal").

Because the record does not conclusively demonstrate the petitioner knowingly and intelligently waived his unexhausted claims, the court cannot presume the waiver was voluntary. Therefore, a question of fact exists as to whether state procedural law bars him from pursuing his unexhausted claims in state court. Accordingly, the court declines to apply the doctrine of procedural default to the petitioner's unexhausted grounds and **DENIES** respondent's Motion for Summary Judgment [ECF No. 18].

9

The petitioner's objections submit that a stay and abeyance of his Section 2254 petition while he attempts to exhaust his unexhausted claims in the state courts is appropriate. A dismissal of the instant Section 2254 petition at this juncture would render any renewed petition untimely. Thus, pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the petitioner's request for a stay and abeyance of these proceedings is warranted under the circumstances.

## V. Conclusion

For the reasons stated above, the court **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's PF&R [ECF No. 25], **DENIES** respondent's Motion for Summary Judgment [ECF No. 18], **GRANTS** the petitioner's request for stay for stay and abeyance, and **HOLDS IN ABEYANCE** the petitioner's Section 2254 petition, pending his exhaustion of available state court remedies. The court **ORDERS** the petitioner to notify the court and the respondent, within 14 days of the resolution of any additional state habeas proceedings, of the result thereof and his intent to proceed with this matter.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and the Magistrate Judge and to transfer this matter to the inactive docket until further order of the court.

ENTER: September 13, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE